UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN K. SMITH,

    Petitioner,

-vs-                                            Case No.  8:13-CV-2842-T-30AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging convictions for two counts of first degree murder and two counts of robbery entered in 1989 and 1990 by the Sixth Judicial Circuit Court, Pinellas County, Florida (Dkt. 1).

Because Petitioner filed his request for federal habeas relief after the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), the petition is governed by the provisions thereof.  *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).  The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts, *see* 28 U.S.C. § 2244(b).  *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641-42 (1998).

Section 2244(b) provides, in pertinent part, that before a second or successive application for habeas corpus relief is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A).

Petitioner has previously sought federal habeas relief in this Court regarding the convictions he challenges in this action. *See Smith v. Singletary*, 8:94-cv-859-T-17TGW (M.D. Fla. 1994) (petition denied March 26, 1998); *Smith v. Singletary*, 8:97-cv-298-T-26MSS (M.D. Fla. 1997) (petition denied December 9, 1999). Therefore, this is a second or successive petition.[1]

Consequently, pursuant to 28 U.S.C. § 2244(b)(3), Petitioner must seek and obtain authorization from the Eleventh Circuit Court of Appeals prior to initiating this action. *See Medina v. Singletary*, 960 F.Supp. 275, 277-78 (M.D. Fla. 1997) (and cases cited therein). Petitioner has not shown that he has applied to the court of appeals for an order authorizing this Court to consider his successive petition. Therefore, this Court is without jurisdiction to consider the petition, and this case will be dismissed without prejudice to allow Petitioner the opportunity to seek said authorization.[2]

ACCORDINGLY, the Court **ORDERS** that:

---

[1] Petitioner acknowledges that he previously sought federal habeas relief in this Court regarding the convictions he challenges in the instant petition (Dkt. 1 at page 10).

[2] *See Wells v. AG*, 2012 U.S. App. LEXIS 7542, at *4 (11th Cir. Apr. 16, 2012) (unpublished) (district court must dismiss second or successive § 2254 petition for lack of jurisdiction unless the prisoner has obtained an order from court of appeals authorizing the district court to consider it).

1.      Petitioner's petition (Dkt. 1) is **DISMISSED** without prejudice.

2.      The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b).

3.      The **Clerk** shall terminate any pending motions, and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

Because the petition is successive as defined by § 2244(b)(3)(A), the Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on November 15, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Petitioner